IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jared D.,[1] | ) | C/A No. 0:24-3585-RMG-PJG |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **ON PLAINTIFF'S APPEAL FROM THE** |
| v. | ) | **SOCIAL SECURITY** |
| | ) | **ADMINISTRATION'S DENIAL OF** |
| Commissioner of the Social Security Administration, | ) | **SOCIAL SECURITY BENEFITS** |
| | ) | |
| | ) | ☒ Affirm |
| Defendant. | ) | ☐ Reverse and Remand |
| | ) | |

  This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.03 (D.S.C.). The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒  Supplemental Security Income ("SSI"): Plaintiff's age at filing: <u>34</u>

☒  Disability Insurance Benefits ("DIB"): Date last insured: <u>December 31, 2024</u>

☐  Other:

Application date: <u>April 9, 2021</u>

Plaintiff's Year of Birth: <u>1985</u>

Plaintiff's alleged onset date: <u>January 11, 2020</u>

**Part II—Social Security Disability Generally**

  Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); <u>see also</u> <u>Blalock v. Richardson</u>, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. <u>Id.</u>

  A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional

---

  [1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants in social security cases only by their first names and last initials.

capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  July 17, 2023

In applying the requisite five-step sequential process, the ALJ found:

Step 1:     Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:     ☒ Plaintiff has the following severe impairments:

[S]tatus post left below the knee amputation; diabetes with neuropathy; degenerative disc disease of the lumbar spine; and degenerative joint disease of the right shoulder (20 CFR 404.1520(c) and 416.920(c)).

☐ Plaintiff does not have a severe impairment.

Step 3:     ☒ Plaintiff's impairments do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:     Plaintiff's Residual Functional Capacity is as follows:

[T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant cannot push, pull, or operate foot controls with the left lower extremity. He is limited to frequent use of the right arm and right leg for operation of foot/hand controls. He cannot climb ladders, ropes or scaffolds. He can occasionally climb ramps/stairs, balance, kneel, stoop, crouch, or crawl. He is limited to occasional overhead reaching and frequent handling and fingering with the right upper extremity. The claimant can have no exposure to hazards such as unprotected heights or dangerous moving machinery. The claimant requires [a] handheld assistive device for ambulation, but not standing.

☐ Plaintiff could return to his/her past relevant work.

Step 5:     ☐  Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

| Job Title | DOT Number | Exertion and Skill Level | Number of Jobs in the National Economy |
|---|---|---|---|
| Document preparer | 249.587-018 | Sedentary, SVP 2 | 17,000 |
| Charge account clerk | 205.367-014 | Sedentary, SVP 2 | 33,000 |
| Order clerk | 209.567-014 | Sedentary, SVP 2 | 15,000 |

Date of Appeals Council decision:  May 10, 2024

**Part IV—Standard of Review**

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review**

> I. The ALJ here failed to properly consider reasonable limitations resulting from [Plaintiff]'s impairments and failed to provide an adequate discussion rejecting those limitations.
>
> II. The Appeals Council failed to properly consider [] new[, material] evidence.

(Pl.'s Br., ECF No. 8.)

**Oral Argument:**

☐ **Held on** _____.

☒ **Not necessary for recommendation.**

**Summary of Reasons**

**A.     Residual Functional Capacity**

Plaintiff argues that remand is required because the ALJ's residual functional capacity ("RFC") assessment failed to adequately consider Plaintiff's cane use and inability to wear his prosthesis for more than five hours at a time. A claimant's RFC is "the most [a claimant] can still do despite his limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. § 404.1545(a)(1). In assessing residual functional capacity, an ALJ should scrutinize "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). Social

Security Ruling 96-8p further requires an ALJ to reference the evidence supporting his conclusions with respect to a claimant's residual functional capacity.  "Thus, a proper RFC analysis has three components:  (1) evidence, (2) logical explanation, and (3) conclusion."  Thomas v. Berryhill, 916 F.3d 307 (4th Cir. 2019).

It is well-established that that the regulations and rulings require the ALJ to perform a function-by-function analysis as part of the RFC assessment.  See SSR 96-8p, 1996 WL 374184, at *1 ("The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . .").  However, "a per se rule [requiring remand when the ALJ does not perform an explicit function-by-function analysis] is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.' "  Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).  Additionally, the United States Court of Appeals for the Fourth Circuit has repeatedly stated that "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding."  Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017) (quoting Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010)); see also Arakas v. Comm'r, 983 F.3d 83, 98 (4th Cir. 2020).  Thus, "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies frustrate meaningful review," but not where there is a logical bridge between the ALJ's conclusion and the evidence and an absence of disputed functions.  Mascio, 780 F.3d at 636 (quoting Cichocki, 729 F.3d at 177);  see also Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

Here, Plaintiff argues that the ALJ erred in finding that he needs a cane only for walking because he also uses a cane for standing and balancing. (Pl.'s Br. at 31-33, ECF No. 8 at 34-36.) In addition, Plaintiff asserts that the ALJ failed to reconcile Plaintiff's testimony that he can tolerate his prosthesis for only four-to-five hours at a time with a finding that he can work eight-hour days. Plaintiff, however, fails to show that the ALJ's finding is unsupported or that any error is not harmless.

The ALJ acknowledged that Plaintiff's primary limitations stemmed from his left leg amputation. (Tr. 23, 24.) She recounted Plaintiff's testimony that he used a cane to ambulate, had suffered recurrent infections secondary to his amputation and diabetic complications, and could wear his prosthesis only up to five hours at a time. (Tr. 23.) The ALJ explained that she considered this testimony in limiting Plaintiff to sedentary work with additional postural restrictions, limiting him to no pushing, pulling or operating foot controls with the left lower extremity, and finding that he would require a handheld assistive device for ambulation but not for standing. (Id.)

The ALJ inaccurately summarized Plaintiff's testimony. At the hearing, Plaintiff indicated that he used his cane "all the time," including when he was standing. (Tr. 43.) However, the ALJ accurately summarized the remainder of Plaintiff's medical records, which support her finding, and Plaintiff has not directed the court to any records not considered by the ALJ.

The ALJ explained that after Plaintiff's amputation he "initially saw improvement and was noted to be ambulating without an assistive device for a period. However, the most recent evidence document[ed] a setback requiring additional adjustments and cane use." (Tr. 24.) The ALJ went on to consider the following evidence:

> Initially, the claimant reported some issues with comfort on his prosthesis; however, the fit was noted to be good. Records from the prosthetic clinic indicate adjustments were made in September of 2021 (Exhibit 4F). Physical therapy records indicate the claimant was ambulating well on his prosthesis . . . . By

> September 27, 2021, the claimant reported being pleased with his prosthesis overall and he is ready for discharge from physical therapy. He does not require a cane or other assistive device on uneven surfaces; however, he still has difficulty with step downs facing forward (Exhibit 3F). . . . In November of 2021, the claimant was admitted to ICU with Covid-19 and diabetic ketoacidosis. During his inpatient stay, his gait was noted to be steady on his prosthesis (Exhibit 3F). Records from the prosthetic clinic from January of 2022 note that the claimant is doing well and has not needed a cane for several weeks. In February of 2022 the claimant was described as an experienced wearer. Some swelling was noted and his fit was adjusted (Exhibit 4F). In July of 2022, the claimant was noted to be doing well with his prosthesis with only minor patella redness. No prosthetic adjustments were made (Exhibit 16F).

(Tr. 25.) The ALJ noted that records from August 2022 indicated that Plaintiff was fully ambulatory without issue. (Id.) She considered that January 2023 records from the prosthetic clinic noted that Plaintiff was using a cane again because issues with Plaintiff's sock fit and significant tearing of the outer fabric had thrown off alignment and made it difficult for Plaintiff to walk. (Id.) A new liner was ordered. (Id.) The ALJ noted that records showed that Plaintiff was still ambulating with a cane in February 2023. (Id.) In April 2023, Plaintiff's treating provider wrote him a prescription for a cane to "use daily when ambulating to prevent falls." (Id.) (citing Tr. 2979). The ALJ considered that the most recent medical records, from April and May 2023, showed that Plaintiff suffered from a left leg abscess at the amputation site, possibly due to the prosthetic revision. (Id.) A new prosthesis was ordered. (Id.) The ALJ also noted that Plaintiff reported to the consultative examiner in March 2022 that he used his cane 98% of the time. (Tr. 26.) These records support the ALJ's finding that Plaintiff was initially able to ambulate without a cane but had recently suffered setbacks and required a cane more often.

Despite Plaintiff's allegation that the ALJ cherrypicked evidence, Plaintiff fails to cite a single record not considered by the ALJ. (See Pl.'s Br. at 31-33, ECF No. 8 at 34-36.) In accordance with the regulations, the ALJ considered the longitudinal record related to Plaintiff's amputation. To the extent those records presented conflicting evidence as to Plaintiff's use of a

cane and tolerance of his prosthesis, the ALJ resolved those conflicts by limiting Plaintiff to sedentary work and use of a cane for ambulating. It is not within this court's purview to second guess that decision. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]."); Keene v. Berryhill, 732 F. App'x 174, 177 (4th Cir. 2018) (unpublished) ("There were a number of conflicts in the evidence here, and we do not second guess the ALJ in resolving those conflicts.").

Further, Plaintiff fails to show that any error was harmful. At the hearing, the vocational expert confirmed that all three jobs identified could be performed if the individual needed to use a cane in the non-dominant left hand for ambulation and standing but that the number of jobs available may decrease if the cane were needed for balance. (Tr. 50-51.) Thus, even if Plaintiff requires a cane for ambulation, standing, and balancing, he could still perform some of the jobs identified by the vocational expert and the ALJ's analysis stands. See Tanner v. Comm'r of Soc. Sec., 602 F. App'x 95, 101 (4th Cir. 2015) (finding, in spite of the ALJ's error, reversal not warranted where it was "highly unlikely, given the medical evidence of record, that a remand to the agency would change the Commissioner's finding of nondisability"); Bishop v. Comm'r of Soc. Sec., 583 F. App'x 65, 67 (4th Cir. 2014) (applying the harmless error rule in the social security context and stating that "even assuming [a legal standard] is applicable, any error is reviewed under the harmless error doctrine. Thus, if the decision 'is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time.' ") (quoting Spiva v. Astrue, 628 F.3d 346, 353 (7th Cir. 2010)).

In sum, the ALJ's decision is supported by substantial evidence and any error in the ALJ's consideration of the records amounts to harmless error.

**B.     New Evidence**

Next, Plaintiff argues that remand is required because the Appeals Council refused to consider new and material evidence. The law provides that evidence submitted to the Appeals Council with the request for review must be considered in deciding whether to grant review "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision."[2] Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (*en banc*) (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id.

Plaintiff provided the Appeals Council with a letter from Dr. David J. Lamon, the surgeon who performed Plaintiff's amputation. (Tr. 7.) Dr. Lamon stated that Plaintiff had had some trouble adjusting to his prosthesis and "requires a cane for ambulation, standing, and balancing." (Id.) He further explained that Plaintiff "must use a cane to maintain his balance while he is standing or he risks falling." (Id.) The Appeals Council considered the letter but found it did "not show a reasonable probability that it would change the outcome of the ALJ's decision." (Tr. 2.) As explained above, the Appeals Council's finding of nonmateriality finds support in the record. Accordingly, the Appeals Council's rejection of the evidence does not warrant remand. See Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011) (recognizing that in some cases the record would clearly show that the additional evidence did not cause the ALJ's decision to be unsupported by substantial evidence and remand would not be required) (discussing Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir. 1996)).

---

[2] In this case, the parties do not appear to dispute that the additional evidence relates to the period on or before the date of the ALJ's decision.

PJG SSA R&R (Rev. 03/25)                                                                                              Jared D.

## RECOMMENDATION

It is recommended that this matter be

☒  **Affirmed. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐  Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.

☐  Reversed and remanded for an award of benefits.

June 30, 2025  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).