**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Jared Dobson, )<br>)<br>    Plaintiff, )<br>)    Civil Action No. 0:24-3585-RMG<br>vs. )<br>)<br>Commissioner of Social Security )<br>)<br>    Defendant. )<br>_____) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on June 30, 2025, recommending that the Commissioner's decision be affirmed. (Dkt. No. 13). The Magistrate Judge gave the parties notice that they had a right to file written objections to the R & R within 14 days of the R & R, and the failure to file objections would result in clear error review and a waiver of the right to appeal the district court's decision. (*Id*. at 10). No objections were filed to the R & R.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

Plaintiff applied for Social Security disability benefits on the basis of several physical impairments, including a left below the knee amputation, diabetes with neuropathy, degenerative disc disease of the lumbar spine, and degenerative joint disease of the right shoulder. The Administrative Law Judge ("ALJ") found that Plaintiff's aforementioned impairments were severe but found Plaintiff nonetheless retained the residual functional capacity for less than the full scope of sedentary work. (Dkt. No. 7-2 at 21-27). A Vocational Expert found that there were jobs in the

national economy that Plaintiff could perform with his residual functional capacity. (*Id*. at 27-28). On this basis, the ALJ denied Plaintiff's application for disability benefits. Plaintiff applied to the Appeals Council for review, which was denied. At this point, the ALJ's decision became the decision of the Commissioner.

Plaintiff appealed the denial of benefits to this Court and the matter was referred to the Magistrate Judge for initial review and preparation of a R & R. After a careful review of the record, the Magistrate Judge recommended that the Commissioner's decision be affirmed because there was substantial evidence in the record to support the findings of the ALJ. (Dkt. No. 13 at 3-7). The Magistrate Judge further recommended that the Court deny Plaintiff's request for a remand based on the Appeals Council's alleged refusal to consider new and material evidence. The Magistrate Judge found that there was substantial evidence to support the Appeals Council's finding that there was not a reasonable probability that the submitted material would change the ALJ's decision. (*Id*. at 8).

The Court finds that the Magistrate Judge properly reviewed the legal and factual issues in this matter and correctly concluded that the decision of the Commissioner should be affirmed. Consequently, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 13) as the order of the Court and **AFFIRMS** the decision of the Commissioner.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

Charleston, South Carolina  
July 16, 2025